PLAINTIFF'S SECOND AMENDED COMPLAINT

(JURY DEMAND REQUESTED)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DALADIA LORENZO HOLMES,
Plaintiff,

v.                                      Civil Action No. 1:25-CV-00775-RP

GVA PROPERTY MANAGEMENT, LLC,
ANTONIA ISABEL REYES,
TRAVIS COUNTY, TEXAS,
Defendants.

# I. INTRODUCTION

Plaintiff amends his complaint to clarify and expand the factual allegations and claims arising from Defendants' misconduct.

Specifically, Plaintiff clarifies the timeline of events concerning sexual harassment by a maintenance employee: while there was one initial consensual encounter, Plaintiff withdrew consent immediately thereafter. Despite this, the employee engaged in a pattern of harassment, stalking, and attempted forced entry into Plaintiff's home, with the knowledge and negligence of management and front office staff who refused to repair broken locks and secure the premises.

This clarification comes after Plaintiff's participation in therapy, which allowed him to fully recall the sequence of events, given his history of rape and molestation that initially caused a trauma blackout.

This Second Amended Complaint also reiterates claims of targeted discrimination based on race and sexual orientation, systemic judicial bias and obstruction by Travis County, and Defendants' violations of federal housing and civil rights laws.

# II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367.

Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occurred in Travis County, Texas.

## III. PARTIES

Plaintiff: Daladia L. Holmes, a resident of Travis County, Texas.
Defendants:

  GVA Property Management, LLC, a property management company.
  Antonia Isabel Reyes, an individual involved in property management.
  Travis County, Texas, a governmental entity with obligations to enforce laws and provide equal protection.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff is a Black male and member of a protected class under the Fair Housing Act (FHA) and Civil Rights Act.
2. Plaintiff experienced ongoing discrimination and retaliation on the basis of race and sexual orientation by Defendants.
3. A maintenance employee engaged in sexual misconduct:

- There was one initial consensual encounter.
- After Plaintiff withdrew consent, the employee engaged in repeated harassment, unwanted messages, stalking, and attempted forced entry into Plaintiff's residence.
- This conduct amounts to sexual harassment, attempted sexual assault, and stalking under federal housing law.

4. Plaintiff repeatedly complained to the front office and management about broken locks and doors, which created unsafe living conditions.
5. Defendants knowingly failed and refused to repair these security defects, thereby facilitating and enabling the maintenance employee's harassment and misconduct.
6. Plaintiff's history of prior sexual abuse caused a trauma blackout at the time of the events, limiting Plaintiff's initial memory. After therapy, Plaintiff clarified the timeline and is now able to present the full truth.
7. Defendants' actions occurred with the complicity of property management staff and reflect a pattern of retaliation and discrimination.
8. Travis County, despite being served in this case and related state actions, has failed to respond or act, further demonstrating systemic judicial bias and obstruction.

## V. CLAIMS FOR RELIEF

Count I – Fair Housing Act (42 U.S.C. § 3604, § 3617)

Defendants engaged in sexual harassment, discrimination, and retaliation in housing.

- See Shellhammer v. Lewallen, 770 F.2d 167 (6th Cir. 1985) (sexual harassment of tenants violates FHA).
- See Honce v. Vigil, 1 F.3d 1085 (10th Cir. 1993) (sexual harassment constitutes sex discrimination under FHA).
- See Texas Dept. of Housing & Community Affairs v. Inclusive Communities Project, Inc., 576 U.S. 519 (2015) (FHA covers disparate impact and intentional discrimination).

Count II – Civil Rights (42 U.S.C. § 1983)

Defendants acted under color of state law (through Travis County and its courts) to deprive Plaintiff of equal protection, due process, and bodily integrity.

- See Bounds v. Smith, 430 U.S. 817 (1977) (access to courts is fundamental).
- See Caperton v. Massey*, 556 U.S. 868 (2009) (risk of judicial bias violates due process).

Count III – Americans with Disabilities Act (42 U.S.C. § 12132)

Defendants failed to accommodate Plaintiff's disabilities and medical needs, denying meaningful access to justice.

- See Tennessee v. Lane, 541 U.S. 509 (2004) (ADA applies to courts and guarantees access).

Count IV – Negligence / Premises Liability (State Law)

Defendants failed to maintain safe premises, including repairing locks and preventing foreseeable harm by their employee, directly resulting in harassment and attempted assault.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, awarding:

1. Compensatory damages for emotional distress, pain and suffering, and other losses;

2. Punitive damages for Defendants' willful misconduct;

3. Declaratory and injunctive relief requiring Defendants to implement proper safeguards and policies;

4. **Application of Plaintiff's Appeal Clause**: all penalties and damages awarded shall be **doubled upon appeal** to reflect the ongoing punitive environment imposed on Plaintiff and to ensure deterrence of continued misconduct and obstruction;

5. Costs of suit and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Daladia L. Holmes*

Dated: September 10, 2025

**Daladia L. Holmes**
Plaintiff, Pro Se
6409 Springdale Rd, Apt 4-126
Austin, TX 78723
Email: Daladiah@live.com
Phone: (512) 937-8529